**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN DAPPER, *et al.*, | : | Case No. 1:18-cv-665 |
| Appellants, | : | Judge Timothy S. Black |
| vs. | : | |
| BOARD OF TRUSTEES OF ANDERSON TOWNSHIP, OHIO, | : | |
| Appellee. | : | |

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS FOR LACK OF PROSECUTION (Doc. 4)**

This bankruptcy appeal is before the Court on Appellee's motion to dismiss for lack of prosecution. (Doc. 4).

## I. BACKGROUND

On September 4, 2018, the Bankruptcy Court entered an Order granting Appellee's motion to dismiss Appellants' bankruptcy case. (Doc. 2-2). In the Order, the Bankruptcy Court found that Appellants were "abusing the bankruptcy process" to obstruct Appellee's legitimate efforts to foreclose on its claim. (*Id.* at 1–2).

On September 14, 2018, Appellants filed a Notice of Appeal, seeking review of the Bankruptcy Court's Order. (Doc. 2-1). Since filing the Notice of Appeal, Appellants have not taken any action to prosecute this bankruptcy appeal. Appellants have not designated the record, filed a brief, nor sought an extension of time.

On February 14, 2019, Appellee filed a motion to dismiss for lack of prosecution. (Doc. 4). In keeping with their previous conduct, Appellants have not filed a brief in

opposition to Appellee's motion.[1] As a result, Appellee's motion stands unopposed. (*See generally id*).

## II. LEGAL STANDARD

The Federal Rules of Bankruptcy Procedure set out the requirements for appealing a federal bankruptcy court order:

> The appellant must file a notice of appeal with the bankruptcy court clerk within 14 days after entry of the judgement underlying the appeal. Fed. R. Bankr. P. 8002(a). Within 14 days of filing the notice of appeal, the appellant must file a designation of items to be included in the appellate record and a statement of issues to be addressed by the reviewing court. Fed. R. Bankr. P. 8009(a). Once the bankruptcy court has transferred these filings to the district court, the appellant has 30 days to serve and file an appellant brief. Fed. R. Bankr. P. 8018(a). The district court may modify the timing requirements for appellant and appellee briefs as it deems appropriate. *Id*.

*Elsass v. JPMorgan Chase Bank, N.A.*, No. 2:18-CV-5, 2018 WL 3142000, at *2 (S.D. Ohio June 26, 2018) (capitalization altered).

A district court can dismiss a bankruptcy appeal for lack of prosecution when an appellant "has failed to follow the Federal Rules of Bankruptcy Procedure," and, in doing so, has shown "bad faith, negligence, or indifference." *Elsass*, 2018 WL 3142000, at *2; *accord* Fed. R. Bankr. P. 8003(a)(2); *Barclay v. U.S. Tr., Hackett*, 106 F. App'x 293, 293–94 (6th Cir. 2004); *Arnold v. G.E. Capital Auto Lease*, Inc., 63 F. App'x 188, 189 (6th Cir. 2003). A district court's decision to dismiss a bankruptcy appeal for lack of

---

[1] On February 14, 2019, Appellee served a copy of the motion to dismiss for lack of prosecution on both Appellants (via U.S. Mail) and Appellants' Counsel (via ECF). (Doc. 4 at 5).

prosecution is reviewed for an abuse of discretion. *See Barclay*, 106 F. App'x at 294; *accord In re Lundahl*, 109 F. App'x 384, 386 (10th Cir. 2004).

## **III. ANALYSIS**

In this bankruptcy appeal, Appellants have shown bad faith, negligence, **and** indifference.

Over nine months have elapsed since Appellants filed their Notice of Appeal. Notwithstanding this fact, Appellants have failed to designate the record, filed a brief, or seek an extension of time. Moreover, over four months have elapsed since Appellee filed its motion to dismiss for lack of prosecution. Notwithstanding this fact, Appellants have failed to file a brief in opposition to Appellee's motion.

While the Court is sensitive to the fact that bankruptcy appeals should, generally, be resolved on their merits, Appellants have failed to make any effort—**whatsoever**—to comply with the Federal Rules of Bankruptcy Procedure. Under such circumstances, and in its discretion, the Court determines that this bankruptcy appeal warrants dismissal with prejudice for lack of prosecution.

It appears that here, as in the Bankruptcy Court, Appellants are abusing the bankruptcy process to obstruct Appellee's legitimate efforts to foreclose on its claim. This is not allowed.

## **IV. CONCLUSION**

Based on the foregoing, Appellee's motion to dismiss for lack of prosecution (Doc. 4) is **GRANTED**. Appellants' bankruptcy appeal is **DISMISSED with prejudice**. The Clerk shall enter final judgment accordingly.

**IT IS SO ORDERED.**

Date: 7/16/19

Timothy S. Black
United States District Judge